**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**EVENT PARTNERS, INC.**, a Florida corporation,

*Plaintiff*,

v.

**STEPHEN D. BECK**, an individual, and **JACKSON DAWSON COMMUNICATIONS, INC.**, a Michigan corporation,

*Defendants.*

Case No. 2:25-cv-11313

Hon. Mark A. Goldsmith
Mag. Anthony P. Patti

R.J. Cronkhite (P78374)
Christopher A. Chesney (P80969)
Cronkhite Counsel PLLC
36800 Woodward Ave., Ste. 310
Bloomfield Hills, MI 48304
T: (248) 309-8602
F: (248) 246-2555
rj@cronkhitelaw.com
chris@cronkhitelaw.com
*Attorneys for Plaintiff*

Daniel C. Waslawski (P78037)
Joanna H. Dreaver (P82154)
Starr, Butler & Stoner, PLLC
20700 Civic Center Dr., Ste. 290
Southfield, MI 48076
(248) 554-2700
dwaslawski@starrbutler.com
jdreaver@starrbutler.com
*Attorneys for Defendants*

**STIPULATED ORDER**
**PROTECTING CONFIDENTIAL INFORMATION**

Upon the stipulation of the undersigned (collectively, the "**Stipulating Parties**," and each individually, a "**Stipulating Party**"), and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED** that:

1. Any Stipulating Party or any non-party (a "**Party**," and collectively, the "**Parties**") that produces documents or other information (collectively, "**Information**") or that receives Information from other Parties, in connection with the above-captioned litigation (the "**Action**"), which that Party reasonably believes is (a) confidential, proprietary, financial, and/or the public disclosure of which would be harmful to that Party or employees or agents of that Party, including, by way of example, information pertaining to customer projects, invoicing, contracts, and company financials, (b) subject to restrictions on disclosure under privacy laws governing health, patient, participant, or employee information, or (c) subject to 45 C.F.R. Section 164.501 (protected health information), may designate such Information, or any part thereof, as CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as hereinafter provided ("**Confidential Information**"). As used herein,

a. the term "**Producing Party**" refers to a Party that produces Information in connection with the Action; and

b. the term "**Designating Party**" refers to a Party that designates Information produced in connection with the Action as Confidential Information, regardless of whether that Party is also the Producing Party; and

c. the term "**Receiving Party**" refers to a Party that receives Information in connection with the Action.

2. Any document or thing that a Party in good faith believes to contain highly confidential information that is not publicly available (such as a trade secret,

or highly confidential research and development, commercial, financial, compensation, or other sensitive information) may be produced by that Party with the clear and obvious designation "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3. Any material designated as Confidential Information shall be marked by the Designating Party with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as applicable, on each page or object so designated, or otherwise clearly identifying the material as such.

4. To the extent that the Designating Party is the Producing Party with respect to the Information in question, the designations set forth in Paragraph 3 above shall be made by the Producing Party prior to production. To the extent that the Designating Party is a Receiving Party, the designations shall be made promptly by such Receiving Party following receipt of the Information in question by letter to all other Parties' counsel attaching copies of the Information with the appropriate legends or identifying marks specified in Paragraph 3 above.

5. Unless expressly waived by the Party who designates items as Confidential Information, such material (including deposition transcripts, briefs and other papers containing or otherwise disclosing such material) shall not be disclosed

except as provided in this Protective Order (the "**Order**"). However, this Order shall have no effect upon a Designating Party's use of its own Confidential Information.

6. If any Confidential Information is provided inadvertently to another Party without being marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with the terms of this Order, the failure to so mark the Confidential Information shall not be deemed a waiver of the right to designate that material as such. A Party may designate the Confidential Information as "Confidential" or "Attorneys' Eyes Only" at a later date, at which time the provisions of this Order shall apply retroactively and prospectively to such information.

7. If any non-responsive, Confidential Information is inadvertently produced to another Party, the Producing Party may, without limitation and irrespective of fault, request that the Receiving Party delete improperly received information within 7 days of the request, at which time the Receiving Party must delete the improperly received documents or file a motion contesting the non-responsiveness of the information inadvertently produced.

8. Should any Party object to a designation of any information, documents, or things as "Confidential" and/or "Attorneys' Eyes Only," the Parties shall, on an expedited basis, meet and confer in a good-faith attempt to reach an agreement regarding the status of such information, documents, or things.

Any Party that wishes to challenge the designation of any document, thing, or testimony as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court. Any party that wishes to challenge the designation of any document, thing, or testimony may do so at any time by way of motion to this Court. The party contesting the designation shall have the burden of demonstrating why the document should not be so designated. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

9. Confidential Information designated as "Confidential" may be disclosed only to the following persons:

a. Counsel of record to the Stipulating Parties in this Action and the attorneys, paralegals, and other employees of the firm where such counsel of record practices (collectively "Counsel");

b. Any of the Stipulating Parties and officers, directors and employees of that Stipulating Party who are involved with the litigation of this Action;

c. Expert witnesses and non-attorney consultants retained by a Stipulating Party in connection with this Action to the extent such disclosure is reasonably deemed necessary for the conduct of this Action and such expert witness or non-attorney consultant is not a competitor of the Party whose Confidential Information is being disclosed;

d. The authors and the original recipients of the Confidential Information in question;

e. A party or non-party witness and counsel for such witness in preparation for and during his or her testimony in a deposition or trial conducted in this Action;

f. The Court and Court personnel in this Action;

g. Any court reporter or videographer reporting deposition, hearing, trial, or other testimony in connection with this Action;

h. Any mediator or facilitator engaged by the parties to this Action;

i. Employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the Stipulating Parties during the litigation of this Action; and

j. Any other person to whom disclosure is agreed to by the Stipulating Parties in writing or ordered by the Court.

10. Confidential Information designed as "Attorneys' Eyes Only" may be disclosed only to the following persons:

a. One in-house attorney of each Stipulating Party that is involved with the prosecution or defense of this Action on behalf of such Stipulating Party;

b. Counsel of record;

c. Expert witnesses and non-attorney consultants retained by a Stipulating Party in connection with this Action to the extent such disclosure is reasonably deemed necessary for the conduct of this Action and such expert witness or non-attorney consultant is not a competitor of the Party whose Confidential Information is being disclosed;

d. The Court and Court personnel in this Action;

e. Any court reporter or videographer reporting deposition, hearing, trial, or other testimony in connection with this Action;

f. Any mediator or facilitator engaged by the parties to this Action;

g. Employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the Stipulating Parties during the litigation of this Action;

h. Deposition witnesses (other than party witnesses) whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing; and

i. Any other person to whom disclosure is agreed to by the Stipulating Parties in writing or ordered by the Court.

11. Before disclosing Confidential Information to any party or non-party witness, expert, or consultant to the extent allowed by Paragraphs 9 or 10 above (other than the Producing Party or Designating Party, as applicable, and its officers, directors, employees, experts, and consultants), Counsel contemplating disclosure shall require such persons to read a copy of this Order and sign a copy of the Undertaking Regarding Confidentiality attached hereto ("Undertaking") affirming that the recipient (a) has read this Order and understands all of its terms, (b) agrees to abide by and to be bound by the terms of this Order; and (c) agrees to submit to the Court's jurisdiction for purposes of enforcement of this Order. However, to the extent that a non-party deposition witnesses whose deposition is being taken pursuant to a valid discovery request, subpoena, or other lawful process and whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, does not agree to sign a copy of the Undertaking Regarding Confidentiality, counsel contemplating disclosures shall still be permitted to disclose Confidential Information to such person, so long as the disclosure is

reasonably related to an appropriate subject of the deposition in question. Counsel shall retain each such Undertaking until such time as the Action, including all appeals, is concluded and Counsel has retrieved all Confidential Information from the recipient in compliance with Paragraph 17 below.

12. This Order shall be without prejudice to the right of any Party to object to any discovery request, including (without limitation) on the grounds that the information requested is not relevant or otherwise discoverable.

13. This Protective Order does not authorize the filing of any documents under seal. All documents, testimony, and information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order that are submitted to the Court Clerk as part of a motion or other paper shall be filed under seal pursuant to Local Rule 5.3. A redacted copy of the motion or paper may be filed with the Court Clerk through the Court's electronic filing system and an unredacted copy of the motion or paper may be filed under seal.

An unsealed or unredacted copy of the document, testimony, or information containing or comprising Confidential Information may be used for the Court's courtesy copy of the motion, but each page containing Confidential Information shall be marked in such a way that it clearly notifies the Court that the page contains Confidential Information that was filed pursuant to Local Rule 5.3. The Court's

courtesy copy of the motion shall be sent directly to the Judge's chambers and not filed with the Court Clerk.

14. Should a need arise during the trial or any hearing before the Court for any of the Parties to cause "Confidential Information" to be disclosed in open court, such Party may do so only upon stipulation of the Producing Party or Designating Party (as appropriate), or after the Producing Party or Designating Party is given reasonable notice of such intended disclosure and is given a reasonable opportunity to seek safeguards from the Court.

15. Confidential Information, whether or not ultimately made part of the public record, shall be used solely for purposes of this Action, including any appeals, and for no other business, litigation, or other purpose whatsoever.

16. Nothing in this Order shall:

a. prevent or restrict any person from seeking additional protection from the Court with respect to the disclosure of particular Confidential Information;

b. prevent or restrict any person from seeking relief from this Order from the Court for good cause shown;

c. prohibit a Receiving Party from producing Confidential Information in the Party's(ies') possession pursuant to a subpoena issued by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such Confidential Information or by other compulsory process, provided that any Receiving Party receiving such a subpoena or other process shall notify the Party that originally produced or designated the Confidential Information of such subpoena or process and provide them with a reasonable opportunity to file

objections to such disclosure before the Confidential Information is disclosed.

17. Except as may be otherwise agreed by the parties to this Action, not later than 60 days after the conclusion of this Action, including all appeals, all copies of Confidential Information supplied or designated by the Producing Party or Designating Party, as applicable, shall be destroyed or returned to the Party that furnished it, except for Confidential Information in Counsel's possession that has been incorporated into attorney work product.

**IT IS SO ORDERED.**

Dated: July 31, 2025
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**Approved as to Form and Substance:**

Dated: July 31, 2025

Respectfully submitted,

/s/ R.J. Cronkhite
R.J. Cronkhite (P78374)
Christopher A. Chesney (P80969)
Cronkhite Counsel PLLC
36800 Woodward Ave., Ste. 310
Bloomfield Hills, Michigan 48304
T: (248) 309-8602
rj@cronkhitelaw.com
chris@cronkhitelaw.com
*Attorneys for Plaintiff Event Partners, Inc*

/s/ Daniel C. Waslawski (w/ consent)
Daniel C. Waslawski (P78037)
Joanna H. Dreaver (P82154)
Starr, Butler & Stoner, PLLC
20700 Civic Center Dr., Ste. 290
Southfield, MI 48076
T: (248) 554-2700
dwaslawski@starrbutler.com
jdreaver@starrbutler.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**EVENT PARTNERS, INC.**, a Florida corporation,

*Plaintiff*,

v.

**STEPHEN D. BECK**, an individual, and **JACKSON DAWSON COMMUNICATIONS, INC.**, a Michigan corporation,

*Defendants.*

Case No. 2:25-cv-11313

Hon. Mark A. Goldsmith
Mag. Anthony P. Patti

R.J. Cronkhite (P78374)
Christopher A. Chesney (P80969)
Cronkhite Counsel PLLC
36800 Woodward Ave., Ste. 310
Bloomfield Hills, MI 48304
T: (248) 309-8602
F: (248) 246-2555
rj@cronkhitelaw.com
chris@cronkhitelaw.com
*Attorneys for Plaintiff*

Daniel C. Waslawski (P78037)
Joanna H. Dreaver (P82154)
Starr, Butler & Stoner, PLLC
20700 Civic Center Dr., Ste. 290
Southfield, MI 48076
(248) 554-2700
dwaslawski@starrbutler.com
jdreaver@starrbutler.com
*Attorneys for Defendants*

## UNDERTAKING REGARDING CONFIDENTIALITY

The undersigned individual hereby certifies that he/she has read the foregoing Order, understands the terms thereof, and agrees to be bound thereby personally if receiving Confidential Information in the course of the Action.

The undersigned acknowledges that breach of the Order shall be actionable by any aggrieved Party to the Action that is the subject of the foregoing Order, and

that such breach shall subject the undersigned to any and all applicable legal and equitable remedies for enforcement of the Order and/or relief, including damages, for its breach.

Promptly upon termination of this Action, I will return all Confidential Information which came into my possession, and all documents or things which I have prepared relating thereto, to counsel for the Party supplying the Confidential Information to me.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order in this Action.

Date: ____________________ Printed Name: _____________________

Signature: _________________________

4933-7125-7685v1